[Civ. No. 3735.   Second Appellate District, Division One.—December 9, 1921.]

ANDRESON COMPANY (a Corporation), Appellant, v. THE COUNTY OF LOS ANGELES, Respondent.

[1] Taxation—Redemption Subsequent to Deed to State—Amount. A property owner in order to redeem his property after a deed thereto has been made to the state for delinquent taxes is required, under section 3817 of the Political Code, to pay an amount representing a tax charge for each year after the execution of such deed, as well as before its execution, notwithstanding that the property is not assessed while the state is the owner.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. D. Laughlin and George W. Crouch for Appellant.

A. J. Hill and Gordon Boller for Respondent.

JAMES, J.—This action was brought by the plaintiff to recover money which it alleged had been paid to the county of Los Angeles on account of redemption charges affecting a tax sale made against the property of plaintiff. A general demurrer interposed to the complaint was sustained and judgment followed in favor of the defendant, from which judgment plaintiff has appealed.

The single question is presented as to whether, in computing redemption charges against a property owner, any amount to represent a tax which might have been chargeable against the property for the years subsequent to the date of the deed to the state may be included. Section 3817 of the Political Code requires a redemptioner, in addition to other amounts, to pay "unpaid taxes of every description assessed against the property for each year since the sale; or if not so assessed, then upon the value of the property as assessed in the year nearest the time of such redemption, with interest from the first day of July following each of said years, respectively, at the same rate, to the time of redemption." After property has been sold to

the state agreeably to the provisions of section 3771 et seq. of the Political Code, the redemption period commences to run, and if, at the expiration of five years from the date of sale, no redemption is made, it is provided that a deed shall be made to the state. (Sec. 3785.) Upon such a deed being made, the state may proceed to sell the property to a private purchaser and may, at such sale, convey the whole fee. However, until the state is divested of title in such manner the original owner may still redeem by paying the required sums of money specified in section 3817. During the period of five years succeeding the date of sale, and until the state has conveyed to it the legal title, the land is to be assessed. Section 3813 of the Political Code provides that the land "shall be assessed each subsequent year for taxes until a deed is made to the state therefor in the same manner as if it had not been so purchased." Hence it appears that, after the state obtains title to the land, subject only to the privilege given the original owner to redeem, the property is not to be assessed. Appellant argues that in the statement of tax charges to be paid upon redemption, which we have quoted, it is not the intention of the legislature to require the redeeming owner to pay any amount in lieu of taxes except for the years subsequent to the date of the sale and prior to the issuance of a deed to the state. It is argued that the use of the word "taxes" refers to the taxes provided to be assessed for years prior to the date of the deed, and that the next phrase in the statute, "if not so assessed," refers to those same years wherever there may be an omission to assess. Reference is made to other conditions affecting lands of special character, which we do not think add to the force of the argument, and we do not agree with appellant that the statute should be construed according to its view. The provisions of section 3817 furnish the only measure for computation of the charges which the redemptioner must pay, whether he redeem before or after deed has passed to the state. [1] In our opinion it was the intention of the legislators to require of a redeeming owner, as a condition that title to his property be restored to him, that he pay an amount to be computed as indicated to represent a tax charge for each year during which he has been in default. During the running of the five years subsequent

to the date of sale the amount is ascertained easily by reference to the assessment list which is required to be made. When title has been passed to the state by deed there is good reason for the provision that there shall be no further assessment made by the state or its agencies against its own property. Section 3817 provides a mode by which charges in lieu of taxes assessed may be computed for the year subsequent to the date of the deed. The property owner who has allowed his property to be sold to the state and has allowed the period of five years fixed for redemption to pass, and a deed to be made, possesses no longer any rights in that property, except such as the statute may permit him to exercise. And it is undoubtedly competent for the legislature to fix the precise terms upon which the owner may be entitled to have his property restored to him. No valid objection can be urged against such a statute because those terms may be onerous, or the penalties required to be paid be large in amount. Even though such objections were valid, they could not be urged against the statute here considered, which only designs to exact from the redemptioner an amount equivalent to the taxes which he would have paid had he not allowed delinquent sale to be made and his title thus divested, with interest. The argument is also used that it could not have been the intention of the legislature to require the making of these payments, because there is exacted less from a purchaser who bids at a sale of the property where the state proposes to dispose of the same after receiving its deed. For reasons which have already been indicated we think there is no ground for comparing the requirement of the redemptioner with that which is imposed upon an individual purchasing at a state sale. It is true that such a proposed purchaser is not required to bid an amount sufficient to cover any equivalent of taxes not assessed subsequent to the date of the state's deed. He is, however, required to bid *not less* than the amount of all charges, penalties, and taxes assessed up to the date of the deed to the state, and other expenses subsequently accruing. (Sec. 3897, Pol. Code.) The provisions expressed in that section determine merely the minimum amount which the state is authorized to accept in exchange for the property. It may accept a lesser amount only if the board of supervisors

determines that the value of the property is not great enough to cover the charges enumerated. Under appellant's argument the property owner might, after any number of years had elapsed subsequent to the date of the deed to the state (assuming that the state had not disposed of its title in the meantime), effect a redemption of his property and escape making payment of any amount as an equivalent of taxes which would have been assessed against him had he not defaulted and tax sale proceedings intervened. We think that the statute does not admit of the construction contended for.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 6, 1922.

All the Justices concurred.

Lennon, J., was absent, and Richards, J., *pro tem.*, was acting.