THE PEOPLE OF THE STATE OF CALIFORNIA v. DOE G. 1,034 *et al.* AND THE REAL ESTATE IN THE COUNTY OF SACRAMENTO DESCRIBED AS TEN ACRE TRACT NUMBER ELEVEN, SOUTH OF THE CITY OF SACRAMENTO.

TAXATION—WHAT SUBJECT TO.—The provisions of the Constitution and Revenue Laws upon the subject of taxing property are to be understood as referring to private property and persons only, and not as including public property and the State or any subordinate part of the State Government, such as counties, towns, and municipal corporations.

IDEM—THE STATE CANNOT BE SUED EXCEPT BY ITS OWN CONSENT.—Neither the State in its own person, nor as represented in its local subordinate governments, can be summoned to answer before its Courts except by its own consent, nor can its property, in actions *in rem*, be so summoned. All suits and judgments brought and recovered in the State Courts against itself or its subordinate governments, without such consent given, are void.

IDEM—THE STATE DOES NOT TAX OR SUE ITSELF.—The State has in no manner provided for taxing itself or its own property, nor has the State authorized suits to be instituted by itself against itself or its property for the collection of any tax.

IDEM — SACRAMENTO CITY CEMETERY.—A tax suit *in rem* was brought in the name of the People against a tract of land situated in the City of Sacramento. In due course a judgment as demanded was rendered therein, and the property sold, and the proceeds of sale applied to the satisfaction of the judgment. M., who, as purchaser, had in due course received a Sheriff's deed, applied for a writ of assistance to be let into possession, when, it being shown at the hearing that a part of said tract was, at the time the tax was levied and said suit was commenced, the property of said city, and constituted a part of the City Cemetery, the application, as to such part, was denied. *Held*, that said application was properly denied, and that said suit, so far as it related to said city and its said property, was *coram non judice.*

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

Eli Mayo appealed.
The other facts are stated in the opinion of the Court.

P. Dunlap, for Appellant.

L. S. Taylor, for Respondent.

By the Court, SANDERSON, J. :

This is an appeal from an order of the District Court of the Sixth Judicial District, for Sacramento County, made upon an application by Eli Mayo for a writ of assistance to put him in possession of land to which, as he alleges, he has acquired title by virtue of a tax suit, sale, and deed. At the hearing it appeared that a portion of the land was, at the time the tax was levied and the tax suit was brought, the property of the City of Sacramento, and constituted a part of the City Cemetery. As to this part of the land the Court denied the writ, on the ground that the land was public property, and therefore not taxable, but granted it as to the residue. It is claimed that the Court erred in not granting the writ as to the whole tract.

On the part of the appellant it is argued, in effect, that tax suits are proceedings in rem, and judgments therein, if the Court acquired jurisdiction, are conclusive as against all the world. That the case shows that the land itself was sued, and also all owners and claimants thereof, known and unknown. That the Court having thus obtained jurisdiction of the land as a party to the action, and of all persons having any interest in it, its judgment is binding and conclusive of the question whether the property was subject to taxation. That the defense that the land was public property, and therefore not subject to taxation, should have been made in the suit for taxes. That not having been made, it is now too

late to make it.    In other words, the argument amounts to this: If some over-zealous Tax Assessor of Sacramento County should assess the State Capitol, now building in the City of Sacramento, to the State, John Doe, Ricard Roe, and all owners and claimants, known and unknown, and some over-zealous District Attorney of Sacramento County should bring an action to collect the tax against the State Capitol, the State, and all owners and claimants, known and unknown, and should obtain a judgment by default, and should thereupon proceed to sell the State Capitol, and some zealous purchaser at tax sales should buy it, the title would pass and vest in the purchaser.    We have supposed an extreme case because it more forcibly illustrates the nature of the doctrine for which counsel contend.

The general doctrine advanced by counsel cannot be denied.    The statute authorizes suits to be brought for the collection of taxes against the property taxed and all owners and claimants, which suits are of the nature of actions *in rem*, (Stats. 1862, p. 520,) and judgments rendered therein, if jurisdiction has been obtained, are conclusive and binding upon all the world until reversed on appeal or set aside by some direct proceeding brought for that purpose.    (*Mayo* v. *Ah Loy*, 32 Cal. 477.)    But in applying this doctrine there are certain fundamental principles which must be overlooked.

Taxes are the subject matter of such actions.    The parties to them are the Government or the People of the State upon the one side, and the persons, corporations, associations, and firms who are taxable, and private or taxable property, on the other.    Taxes are charges levied by the sovereign or State upon the property and persons of its subjects or citizens, and not charges upon itself or its own property. Revenue is the object of taxation, and none would result from the State's taxing its own property.    It would be merely taking money out of one pocket and putting it into another.    (*People* v. *McCreery*, 34 Cal. 433.)    The Constitution and laws upon the subject of taxing property are, therefore, to be understood as referring to private property and

persons, and not including public property and the State, or any subordinate part of the State Government, such as counties, towns, and municipal corporations. Neither the State in its own person, or as represented in its local subordinate governments, can be summoned to answer before its Courts, except by its own consent, nor can its property. (*Sharp* v. *Contra Costa County*, 34 Cal. 284.) The State has nowhere attempted the absurdity of taxing itself, or of authorizing suits to be brought by itself against itself or its property for the purpose of collecting the tax. The tax suit, so far as it related to the cemetery and the City of Sacramento was, therefore, *coram non judice.*

The order of the Court below is affirmed, and it is further ordered that the remittitur be issued forthwith.