[L. A. No. 2770. Department Two.—February 10, 1912.]

## J. H. SMITH, Appellant, v. CITY OF SANTA MONICA (a Municipal Corporation), et al., Respondents.

TAXATION—PROPERTY OF MUNICIPAL CORPORATION CANNOT BE ASSESSED.—An assessment for purposes of taxation levied upon public property of a mandatory or agency of the state, such as a municipal corporation, is void.

ID.—PROPERTY ACQUIRED BY STATE FOR DELINQUENT TAXES—STATE CANNOT SELL AFTER ACQUISITION BY MUNICIPALITY.—Real property acquired by the state under a sale to it for delinquent taxes cannot be subsequently sold by it under an order of the state controller, if the legal title thereto, excepting such title as the state acquired by the tax-collector's deed, has in the interim become vested in a municipal corporation under condemnation proceedings for a public purpose.

ID.—STATE TITLE MERGED IN TITLE OF MUNICIPALITY.—When a municipal corporation acquires property under such circumstances, the title which the state takes by the tax-collector's deed is merged into the larger title which the municipality holds under the trusts both for the public as distinguished from the state, and also for the state as the supreme sovereign.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. S. E. Crow, Judge presiding.

The facts are stated in the opinion of the court.

Charles S. McKelvey, Walter J. Horgan, and C. A. Stice, for Appellant.

S. W. Odell, City Attorney, H. W. Taft, City Attorney, R. O. Odell, and Tanner, Taft & Odell, for Respondents.

HENSHAW, J.—Plaintiff by this action seeks to quiet title to certain lots in the city of Santa Monica. Judgment passed for defendants and from the judgment and from the order denying his motion for a new trial he appeals.

Plaintiff's ownership of the land in controversy rests upon certain tax-deeds from the state. Two tracts of land are involved. The assessment under which one was sold was for the

year 1895, the other for the year 1894. The one was sold to the state in 1896, the other in 1895. The controller's order to the tax-collector to sell in both cases was on May 9, 1908, and the tax-collector's deed in both instances was made on June 10, 1908. The city of Santa Monica had brought an action in 1895 to condemn these lands for public purposes as a city park. The judgment in this action in favor of the city was entered December 20, 1897. It results therefore that at the time the controller's order was executed and the sale made to plaintiff, the title to the property, excepting such title as the state itself acquired by the tax-collector's deed to it was vested in the city of Santa Monica, or in other words, that the state to enforce the payment of state and county taxes was selling into private ownership the public property of one of its agencies. It is well settled that an assessment for purposes of taxation levied upon public property of such a mandatory or agency is void. The reasoning leading irresistibly to this conclusion is well set forth in *People* v. *McCreery,* 34 Cal. 432; *People* v. *Doe,* 36 Cal. 220; *Low* v. *Lewis,* 46 Cal. 552, and *Doyle* v. *Austin,* 47 Cal. 360. That reasoning is that wherever a municipal corporation or public agency of the state owns real property used for the purposes of such agency, the ultimate title is in the state itself. The agency holds the title upon the two-fold trusts, the one for the public, the other for the state, and that to countenance taxation of such property would be to countenance the folly of the sovereign taxing its own property "and taking money out of one pocket to put in another.'" In *People* v. *Doe,* 36 Cal. 220, summing up the reasoning, it is said: "The constitution and laws upon the subject of taxing property are, therefore, to be understood as referring to private property and persons, and not including public property and the state, or any subordinate part of the state government, such as counties, towns and municipal corporations." While these cases dealt with assessments levied upon property when it was in the ownership of the municipality, the reasoning is none the less applicable to the conditions presented by the case at bar. The state does not tax the property of a municipality for state and county purposes because this would be a taxation of its own property. For the same reason, when the property has come into the ownership of a municipal corporation, it will not attempt to enforce the tax

by the sale of the property. The absurdity of its so doing would be apparent in the case where a county had acquired such property under the circumstances here present, and the state should sell it. To do what? To retain a portion of the tax in its own treasury and to pay to the county a portion of the money derived from the sale of the county's own land. It may safely be said that when a municipal corporation acquires property under such circumstances the title which the state takes by the tax-collector's deed is merged into the larger title which the municipality holds under the trusts both for the public as distinguished from the state and also for the state as the supreme sovereign. In this case the question is not of the merger of a lien held by the county for a county tax, the question which was presented in *City of Santa Monica* v. *Los Angeles County,* 15 Cal. App. 710, [115 Pac. 945]. Here the lien itself is merged and lost in the title which the state itself has taken. The present question is, has the limited title which the state holds (limited in the sense that it is designed to operate rather as a common law mortgage—a conveyance of the title subject to divestiture at any time before sale by payment of the taxes and accrued charges by the property-owner)—been merged in the title which the municipality has acquired. The answer, we think, must be in the affirmative. The moneys which are thus made a charge upon the property are moneys of the state. The disposition and division of them is wholly a matter of state policy and it cannot be supposed that it was ever in contemplation that the controller could authorize the sale of public lands of municipal corporations for such a charge, even though the charge in its origin was a valid lien on the lands.

It is held, therefore, that the controller's order to the tax-collector to sell on May 9, 1908, was without authority of law and void, and that the sale by the tax-collector pursuant to such order is also void.

Wherefore, the judgment appealed from is affirmed.

Lorigan, J., and Melvin, J., concurred.

Hearing in Bank denied.