[Civ. No. 4783. Third Appellate District.—October 7, 1932.]

THE PEOPLE, Petitioner, v. BOARD OF SUPERVISORS OF THE COUNTY OF CALAVERAS et al., Respondents.

U. S. Webb, Attorney-General, and Neil Cunningham and Jess Hession, Deputies Attorney-General, for Petitioner.

Virgil M. Airola, District Attorney, for Respondents.

JAMISON, J., *pro tem.*—This proceeding is based upon a petition for a writ of mandate requiring the defendants, constituting the Board of Supervisors, to make an order directing the officer having charge of the records thereof to cancel an assessment of taxes assessed against land now

owned by the state of California, and acquired by it for park purposes.

The said petition sets forth, in substance, the following facts: That the above-named defendants are the duly elected and qualified supervisors of said county of Calaveras; that the Park Commission is a duly authorized body created by act of the legislature of this state for the purpose, among other purposes, of acquiring real estate for park purposes; that petitioner is now the owner of, and ever since the 23d of June, 1931, has been the owner of certain lands described in its petition; that said lands were acquired from one Whitesides by deed dated June 24, 1931; that for the fiscal year 1931–32 the county assessor of said county assessed the said lands for taxation;

That on or about the fifth day of November, 1931, application was made by the said Park Commission to said Board of Supervisors for the cancellation of said assessment and levy upon said property for the fiscal year 1931–32; that with said application petitioner presented satisfactory proof to said Board of Supervisors that said lands had been deeded to the state of California; that said application for cancellation of said tax was made upon the ground that said property was exempt from taxation under the provisions of section 1, article XIII, of the state Constitution, and that said assessment should be canceled under the provisions of section 3804a of the Political Code;

That on June 14, 1932, the attorney-general, acting in place of the district attorney, under section 470 of the Political Code, gave his consent in writing to the making of an order by said Board of Supervisors directing that the said taxes be canceled; that the said board has failed and refused to order the cancellation of said taxes.

Upon the filing of this petition an alternative writ of mandate was issued directing the said Board of Supervisors to make said order or show cause why the same should not be done. Thereupon the said defendants demurred to said petition upon the ground that it failed to state facts sufficient to constitute a cause of action and warranted the relief prayed for. Defendant also filed a verified answer to the petition in which it is alleged that prior to the acquisition of said land by plaintiff, that is to say, prior to June 23,

1931, one Whitesides was the owner thereof and had been such owner for many years, and was such owner when the lien for said tax had attached and become fixed. And upon information and belief alleged that at the time the owner thereof deeded the said land to plaintiff, the said owner obligated himself to pay all taxes and liens then existing against said land.

It must be conceded that under the provisions of section 1 of article XIII of the Constitution lands belonging to the state are exempt from taxation.

The question then for determination is whether or not a tax on lands acquired by the state after the lien for taxes thereon has attached can be canceled by complying with the requirements of section 3804 of the Political Code. This section of said code provides in part that when property is acquired and owned by the state, county, city, etc., and that prior to such ownership there had been an assessment of said property, which at the time of said assessment became a lien, and which because of such public ownership is not subject to sale for delinquent taxes, the assessment may, upon satisfactory proof thereof, be canceled by the officer having custody of the record thereof upon the order of the Board of Supervisors, or other governing board with the written consent of the district attorney, city attorney, or other legal adviser of said board.

This section further provides that no cancellation should be made of such charges on property exempt from taxation in event of failure to comply with this law, if any, relative to manner of claiming exemptions.

Respondent relies upon the case of *Santa Monica* v. *Los Angeles County,* 15 Cal. App. 710 [115 Pac. 945, 946]. In that case there had been assessment of land for county purposes and the lien of said assessment had attached before the city acquired ownership. The city paid the taxes so assessed and then brought suit against the county of Los Angeles. Judgment was rendered in favor of the city and upon appeal the court in reversing it used the following language: "Under the law, counties are authorized to levy taxes for certain school and county purposes, and when collected the taxes are so applied; with reference to such matters the city may not exercise any right. Plaintiff by its organization as a part of the state government has not been

vested with power to aid the state in connection with county government or school government under the control of the county authorities. The taxes so levied upon the property were levied and assessed by the county for purposes within its jurisdiction. The bare acquisition of the premises upon which the tax levy attached did not carry with it any interest or estate in the lien therein created for county purposes. There was, therefore, no vesting of any lesser estate, held in the same right or otherwise, through which a merger could be said to result. The plaintiff, when it acquired this land, took it subject to the lien for county purposes to the same extent as would a private purchaser.''

No mention is made in said decision of section 3804a of the Political Code.

As a matter of fact, it was not in existence at that time. This decision was rendered March 8, 1911, and the said section was enacted and became a law on June 8, 1911, but as then enacted it did not contain the provision for cancellation hereinbefore set forth, and it was not until the amendment of 1925 that the said provision was incorporated in said section.

■ Respondent contends that section 3804a of the Political. Code, in so far as it provides that an assessment after the time said tax or assessment becomes a lien thereon, shall be canceled, is in conflict with article XIII, section 6, of the Constitution and, also, in conflict with article XI, section 12, of said Constitution and therefore void.

No authorities are cited in support of this contention except *City of Santa Monica* v. *Los Angeles County, supra,* which does not pass upon this question.

It is true that article XI, section 12, of the Constitution vests in the county the authority to assess and collect taxes for county purposes, and in the instant case, the assessment was made for county purposes, and as was held in *Santa Monica* v. *Los Angeles County, supra,* the bare acquisition by the state of the premises upon which the assessment attached, did not carry with it any interest or estate in the lien, and therefore there was no vesting of a lesser estate, held in the same right, through which a merger could result, but since that decision was rendered there has been the enactment of a law providing for the cancellation of a

lien for taxes attaching prior to the acquisition of the premises by the state.

This law is contained in section 3804a of the Political Code, and if it is not in violation of the Constitution, then unquestionably the petitioner has the right to have the said assessment canceled.

Respondent contends that this section of the Political Code is in violation of section 6, article XIII, of the Constitution and therefore void. This section of the Constitution is as follows:

. ''The power of taxation shall never be surrendered by any grant or contract to which the state shall be a party.''

We find nothing in this record indicating that the power of taxation has been surrendered by the state either by grant or contract. The facts before us show that the power of taxation was exercised, and that by operation of law, it has ceased to be a charge upon the land for the reason that the land is now the property of the state.

We are of the opinion that, upon the showing made by petitioner, it was the duty of respondents to order the cancellation of the said assessment.

The demurrer to the petition is overruled.

Let the peremptory writ issue as prayed for.

Plummer, Acting P. J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 5, 1932, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 2, 1932.