OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

Honorable B. F. McKee
County Auditor
Hidalgo County
Edinburg, Texas

Dear Sir:

Opinion No. 0-1170
Re: Land sold by the State to
an individual, and later
forfeited and repossessed
by the State is not sub-
ject to a lien for taxes
that accrued while it was
privately owned.

This is in reply to your letter, which is as fol-
lows:

"The state sold a section of land
about thirty years ago which was never
paid out by the purchaser. The state
has now advised the present owner of
the equity that they expect to cancel
the sale for non-payment. County and
state taxes have accumulated against
this property since 1919. Please ad-
vise the status of our taxes against
this piece of property when the state
recovers this land."

We assume that this land was public free school
land, and was sold to an individual by the State under the
terms of Chapter 3, Title 86 (Articles 5306 to 5330); and
that it will be forfeited and repossessed by the State under
Article 5326 of that Chapter.

Such land was not subject to taxation while owned
by the State prior to the sale to the individual, by virtue
of Article VIII, Section 2, of the Constitution of Texas,
and Article 7150, Subdivision 4, of the Revised Civil Stat-
utes.

There can be no doubt that the land was subject to taxation during the period it was owned by the individual.

When the land is forfeited and repossessed by the State, title vests in the State and it again has the status it had before it was sold. Lawless vs. Wright (Civ. App.) 86 S. W. 1040; Houston Oil Company vs. Reese-Corriher Lumber Company (Civ. App.) 181 S. W. 745.

As we understand it, you desire to know the status of the delinquent taxes due the county when the State repossesses the land. We think that question is answered by the rule of law in the case of State vs. Stovall (Civ. App.), 76 S. W. (2d) 206 (writ refused), in which it was held that land that had reverted to the State was not subject to seizure and sale to satisfy delinquent school taxes owed on it by the individual from whom the State had obtained it, and the Court, in that case, said:

"Appellant contends in this connection that, though real property may be charged with a lien for unpaid taxes duly and legally levied by the state or by a county, municipality, or school district, when thereafter the legal title to such property is acquired by or vests in the state, and the same is used by it for a public purpose, all subsequent proceedings to collect such tax by enforcing such lien are without effect and void. The issue of law presented by appellant's contention is apparently one of first impression in this state, but it is supported by the great weight of authority in other jurisdictions. Foster v. City of Duluth, 120 Minn. 484, 140 N. W. 129, 131, par. 2, 48 L. R. A. (N. S.) 707; State vs. Locke, 29 N. M. 148, 219 P. 790, 792, par. 1, 30 A. L. R. 407, and note page 413; Reid v. State, 74 Ind. 252; State v. Maricopa County, 36 Ariz. 347, 300 P. 175; Laurel v. Weems, 100 Miss. 335, 56 So. 451, 452, 453, Ann. Cas. 1914A, 159; State v. Snohomish County, 71 Wash. 320, 128 P. 667, 670, par. 2; Smith v. Santa Monica, 162 Cal. 221, 121 P. 920, 921; Gachet v. City of New Orleans, 52 La. Ann. 813, 27 So. 348;

Gasaway v. City of Seattle, 52 Wash. 444,
100 P. 991, 993 (bottom second column),
21 L. R. A. (N. S.) 68; Independent School
Dist. v. Hewitt, 105 Iowa 663, 75 N. W.
497, 498, par. 5; 26 R. C. L., p. 299,
Sec. 263, and note 2; 61 C. J., p. 945,
Sec. 1215. Since the judgment recovered
by the appellee Rusk independent school
district is for the collection of taxes,
and the title to the property against
which its judgment of foreclosure was
rendered has passed to and vested in
the State of Texas, and the same is now
being used by it for public purposes,
such property is not now subject to
seizure and sale to satisfy such judg-
ment."

The holding in the Stovall case was expressly ap-
proved by the Supreme Court of Texas, speaking through Jus-
tice Sharp, in the case of Childress County vs. State,
127 Tex. 343; 92 S. W. (2d) 1011.

Prior to the decisions in the Stovall case and
the Childress County case, this department made a similar
ruling in Opinion No. 2800, dated January 25, 1930, written
by Assistant Attorney General H. Grady Chandler, during the
administration of Attorney General Bobbitt, in which it was
said:

"We have been unable to find any
Texas authorities on the question sub-
mitted by you. Therefore, it becomes
necessary to resort to the decisions
of other jurisdictions. . .

"We believe . . . that under the
great weight of authority in this coun-
try, your question should be answered
by saying that when the Houston Inde-
pendent School District acquired real
estate to be used for public school
purposes, the same thereby became free
of any tax lien that might have previ-
ously existed against the same, and it
is no longer subject to taxation."

It is our opinion that the same rule applies to
the question before us

Honorable B. F. McKee, Page 4

We want it clearly understood that we have only considered this question from the standpoint of the status of the taxes when the land is forfeited and repossessed by the State; and we are not expressing an opinion as to the status of these taxes when the State re-sells this land, or the purchaser from whom it was forfeited re-purchases or redeems the land.

Our answer to your question is that when this land is forfeited and repossessed by the State, it is not subject to a lien for any taxes that accrued against it during the time it was privately owned by an individual.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Cecil C. Rotsch*

(s)   Cecil C. Rotsch
              Assistant

APPROVED AUGUST 18, 1939
(s) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED BY OPINION COMMITTEE
BY (S) R. W. F., CHAIRMAN

CCR:fg:iw