[Civ. No. 6754.   Third Dist.   Oct. 18, 1941.]

AUGUSTA WALDENMEIER LACHMUND et al., Petitioners, v. FRED H. JOHNSON, as County Auditor, etc., Respondent.

Ralph H. Lachmund for Petitioners.

R. M. Dunne, District Attorney, and Chester E. Watson, Assistant District Attorney, for Respondent.

ROSS, J. *pro tem.*—This is an original application for a writ of mandate.

Petitioners own property in Stockton, San Joaquin County, upon which taxes were allowed to become delinquent in 1932, 1933, 1934 and 1935, for a total amount of $8439.58, including penalties.

Commencing in December, 1936, petitioners have duly followed the ten year payment plan of redemption now covered by sections 4256 to 4263 inclusive, Revenue and Taxation Code, and have paid a total of $7035.31 under said plan of payment.

The 1941 legislature enacted the present section 4101.5 of the Revenue and Taxation Code as urgency legislation, to take effect immediately. The bill was approved by the Governor, June 28, 1941, and was filed with the Secretary of State July 1, 1941. It provides:

"If tax-sold or tax-deeded property was sold to the state on or before July 6, 1940, and is redeemed on or before 90 days after this section becomes effective, the amount necessary to redeem the property is the amount of sold taxes, with interest on the amount of sold taxes at 5 per cent per year computed beginning the day the property was sold to the state to the time of redemption, but in no event computed beyond three years from the day the property was sold to the state.

"No other interest, costs, delinquent penalties, or redemption penalties accruing before 90 days after this section takes effect need be paid under such redemption.

"The amount necessary to redeem under this section shall not constitute the 'redemption amount' within the meaning of Section 4216.''

The reasons for the urgency and immediate effectiveness of the statute are given as follows:

"Due to the widespread depression, out of which we are just beginning to emerge, many taxpayers have been unable to pay their taxes, or to redeem their property from sale to the state for delinquency. By permitting redemption without penalties, many taxpayers will be able to redeem their property, restore the same to the tax rolls and thereby add needed revenue for the operation and maintenance of government.''

Within the ninety day period petitioners tendered to the respondent county auditor of San Joaquin County the sum of $2670.20 for redemption of their property. This sum was determined by adding interest at 5% per year for three years to the total amount of "sold taxes" above mentioned, to-wit: $8439.58. This interest is $1265.93, making a total of $9705.51, sold taxes plus interest. From this was deducted the $7035.31 paid under the ten year payment plan, leaving the $2670.20 which was tendered to the auditor.

Respondent auditor contends that the provisions of section 4101.5, Rev. & Tax. Code, are inconsistent with the ten year plan, and that there is no authority for allowing credits for amounts paid under said ten year plan to a person desiring now to come within the provisions of section 4101.5. He points out that under the ten year plan the property is kept on the assessment rolls and that the expressed intent of the legislature to return property to the assessment rolls does not apply to property which is being redeemed by the ten year plan.

It is undoubtedly true that "The right of redemption comes entirely from the statute, and it is subject to all the limitations and conditions therein imposed." (*Quinn v. Kenney*, 47 Cal. 147 at 150), and that it is "competent for the legislature to fix the precise terms upon which the owner may be entitled to have his property restored to him.''

(*Andreson Co.* v. *Los Angeles County,* 55 Cal. App. 585 at 587 [203 Pac. 1040].)

It must be also remembered that it is the policy of this state to give the delinquent taxpayer every reasonable opportunity to redeem his property, and to make his burdens as light as possible, and that this policy is in the public interest. (*Hotchkiss* v. *Hansberger,* 15 Cal. App. 603, at 612 [115 Pac. 957]; *Buck* v. *Canty,* 162 Cal. 226 at 231 [121 Pac. 924]; *Dougery* v. *Bettencourt,* 214 Cal. 455 [6 Pac. (2d) 499]; *Anglo California National Bank* v. *Leland,* 9 Cal. (2d) 347 [70 Pac. (2d) 937].)

Although the property is carried on the assessment rolls and is currently taxed while being redeemed under the ten year plan the payments under it are not a redemption until completed and are but compensation for the use of the real estate (section 4223 Rev. & Tax. Code). Until completion, therefore, the property is unredeemed, and the provisions of section 4101.5 as enacted in 1941 are applicable to it.

Section 4336, Rev. & Tax. Code, provides:

"When property is redeemed on which delinquent taxes have been paid in installments, there shall be credited on the amount necessary to redeem the total amount of back taxes previously paid, without an allowance for interest on it. The credit shall be allowed after computation of the amount necessary to redeem."

It appears, therefore, that petitioners have a right now to redeem their property under section 4101.5 and by section 4336 are entitled to credit for the amounts, without interest thereon, which they have paid heretofore under the ten year plan.

The petition is granted, and it is ordered that a peremptory writ of mandate issue to respondent requiring him to accept the sum of $2670.20 in full payment of all taxes necessary to redeem the property of petitioners.

Thompson, Acting P. J., and Tuttle, J., concurred.