[L. A. No. 20903. In Bank. May 2, 1950.]

SECURITY-FIRST NATIONAL BANK (a National Banking Association), Appellant, v. BOARD OF SUPERVISORS OF COUNTY OF LOS ANGELES et al., Respondents.

Holbrook & Tarr, W. Sumner Holbrook, Jr., Freda B. Walbrecht and Francis H. O'Neill for Appellant.

Harold W. Kennedy, in pro. per., County Counsel, Gordon Boller, Deputy County Counsel, A. Curtis Smith, Assistant County Counsel, Ray L. Chesebro, in pro. per., City Attorney, Leon Thomas David, Assistant City Attorney, Hugh H. MacDonald and Louis A. Babior, Deputy City Attorneys, for Respondents.

Morrison, Hohfeld, Foerster, Shuman & Clark as Amici Curiae on behalf of Respondents.

GIBSON, C. J.—This is an appeal from a judgment denying relief against allegedly discriminatory assessments for the 1947 tax year on buildings owned and occupied by a national bank. The action was brought in the court below upon the theory that the discriminatory assessment practices complained of and found to exist during the 1941-1946 period in *Simms* v. *County of Los Angeles, ante,* p. 303 [217 P.2d 936], were continued in 1947 and rendered invalid the assessments for that year of petitioner's buildings. Relief was sought in the alternative as follows: (1) writ of certiorari to review and annul the action of the board of equalization in refusing to reduce petitioner's assessments by eliminating therefrom the value of bank vault doors and counterlines; (2) writ of mandate compelling the board of equalization to order the assessor to cancel the assertedly discriminatory assessments and to enter new assessments under section 1611 of the Revenue and Taxation Code*; and (3) writ of mandate ordering the board of supervisors to cancel the assessments, and any taxes subsequently levied thereon, under section 4986** of the Revenue and Taxation Code on the ground that they were void.

---

*"§ 1611. After five days succeeding the time when notice of the date when the matter will be investigated is sent by the clerk of the county board to all persons interested, the county board may direct the assessor to:

(a) Assess any taxable property other than State assessed property that has escaped assessment.

(b) Change the amount, number, quantity, or description of property on the local roll.

(c) Make and enter new assessments, at the same time cancelling previous entries, when any assessment made by him is deemed by the county board so incomplete as to render doubtful the collection of the tax."

**"§ 4986. All or any portion of any uncollected tax, penalty, or costs, heretofore or hereafter levied, may, on satisfactory proof, be

The record of the proceedings before the board of equalization was introduced at the trial, and additional evidence which tended to show the general assessment practice followed in the county of Los Angeles was admitted on the application for a writ of mandate under section 4986. In connection with the applications for certiorari and for mandate to compel cancellation of the assessments under section 1611, the trial court considered itself limited to a review of the record made before the board of equalization and concluded therefrom that there had been no discrimination during 1947. The court also reached the same conclusion on the basis of the expanded showing which it permitted in connection with the application for a writ of mandate to compel the board of supervisors to cancel the assessments under section 4986.

Petitioner's principal contention is that the trial court's conclusion that discrimination was not shown is inconsistent with the decision reached by the same trial court in *Simms* v. *County of Los Angeles, ante,* p. 303 [217 P.2d 936]. Petitioner argues that the record in this case is substantially the same as that made in the Simms case, and that the evidence which showed the banks or their landlords had been discriminated against between 1941 and 1946 also proved the existence of discriminatory assessments during 1947. The evidence in the present case, however, is sufficiently different from that introduced in the Simms case to justify the divergent conclusions reached by the trial court.

In both cases there was evidence that various specific

canceled by the auditor on order of the board of supervisors with the written consent of the district attorney if it was levied or charged:

(a) More than once.

(b) Erroneously or illegally.

(c) On a portion of an assessment in excess of the cash value of the property by reason of the assessor's clerical error.

(d) On improvements when the improvements did not exist on the lien date.

(e) On property acquired after the lien date by the State or by any county, city, school district or other political subdivision and because of this public ownership not subject to sale for delinquent taxes.

(f) On property acquired after the lien date by the United States of America if such property upon such acquisition becomes exempt from taxation under the laws of the United States. 'Property acquired' as used in this section shall include street easements and shall also include other easements for public use where the residual state remaining in private ownership has a nominal value only.

No cancellation under subparagraphs (b), (e) or (f) of this section shall be made in respect of all or any portion of any tax, or penalties or costs attached thereto, collectible by county officers on behalf of a municipal corporation without the written consent of the city attorney thereof.''

articles of machinery, equipment and trade fixtures, as illustrated by a series of photographs, were in fact assessed as personal property. In the Simms case, however, it was stipulated that it was the general practice of the assessor to classify as personalty other property which was similar to that depicted. This stipulation established for the purpose of the Simms case that the articles shown in the photographs were much more than mere isolated examples which might not be typical of the assessment practice in Los Angeles County. In the present case, on the other hand, respondents instead of making that stipulation, have contended that the classification made of, the property depicted in the photographs was not representative of the general practice followed in assessing similar property, and the trial court found that petitioner had failed to establish what was the general practice of the assessor in 1947 in that regard.

Another material difference between the record in the present case and that in the Simms case is that it was proved here that the assessor, early in 1947, reclassified certain trade fixtures which previously had been assessed as personalty. He did so in order to comply with the decision in *Trabue Pittman Corp* v. *County of Los Angeles,* 29 Cal.2d 385 [175 P.2d 512], rendered in December, 1946, which held that such fixtures should be assessed as realty. Since the time and personnel available did not permit complete review of all personal property assessments, the assessor selected for reclassification about 10,000 tax statements. This selection included all tax statements covering personalty in an amount of $10,000 or more which indicated that fixtures were included therein. On 7,500 of the statements, property of the stipulated value of $6,000,-000, which formerly had been assessed as personalty, was reclassified as improvements. These facts tend to show, and the trial court found, that the assessor adopted a reasonable reclassification procedure which was designed to eliminate the more serious errors existing prior to 1947. Any inference that the remaining uncorrected errors formed part of an intentional or systematic scheme of discrimination was thus negated. (See *Snowden* v. *Hughes,* 321 U.S. 1 [64 S.Ct. 397, 88 L.Ed. 497] ; 1 Cooley, Taxation (4th ed. 1924) p. 636.)

It cannot be said, therefore, that the trial court reached inconsistent results on substantially identical records.

■ Petitioner also contends that the trial court erred in admitting evidence which previously had not been presented before the board. As noted above, upon the application for a

writ of mandate under section 4986, the court permitted both parties to expand the showing made in the administrative hearings. Respondents' evidence, of which petitioner complains, related to the classification and assessment of the bulk of the improvements in the county made either by the assessor or by the State Board of Equalization, and further supported the trial court's conclusion that there had been no proof of discrimination. We are satisfied, however, that the error, if any, was not prejudicial. Since the trial court concluded that no discrimination was shown when the review was limited to the record of the proceedings before the local board, it is unlikely that the court would have reached a different result upon the application for mandate under section 4986 if the evidence complained of had not been admitted. ■ Moreover, the writ of mandate is not available to compel the board of supervisors to act under section 4986, because petitioner had an adequate remedy at law by an action for refund, and the judgment denying the writ could be affirmed on this ground. (*Vista Irr. Dist.* v. *Board of Supervisors,* 32 Cal.2d 477 [196 P.2d 926]; *Sherman* v. *Quinn,* 31 Cal.2d 661 [192 P.2d 17].)

The judgment is affirmed.

Shenk, J., Edmonds, J., Carter, J., Schauer, J., Spence, J., and Vallée, J. pro tem., concurred.

Appellant's petition for a rehearing was denied June 1, 1950. Vallée, J. pro tem., participated in place of Traynor, J.