[Civ. No. 31005. First Dist., Div. One. July 19, 1973.]

THOMAS L. McHUGH, Plaintiff and Appellant, v.
COUNTY OF SANTA CRUZ, Defendant and Respondent.

534

## COUNSEL

Thomas L. McHugh, in pro. per., for Plaintiff and Appellant.

Howard E. Gawthrop, County Counsel, and Dwight L. Herr, Assistant County Counsel, for Defendant and Respondent.

## OPINION

**MOLINARI, P. J.**—This is an appeal by plaintiff from an order of dismissal entered following the sustaining of a demurrer to plaintiff's complaint without leave to amend and the granting of a motion to strike said complaint.

Plaintiff's complaint is entitled "Complaint for Recovery of Taxes Paid Under Protest." It alleges, essentially, that plaintiff, a veteran of the armed services of the United States, is the owner of a parcel of improved real property in Brookdale, in the County of Santa Cruz, and that for the assessment years 1965-1966, 1966-1967, 1967-1968, 1968-1969 and 1969-1970 his real property was assessed by the county assessor for more than its cash value. The allegations of the complaint disclose that plaintiff filed an administrative appeal from the assessor's valuation for the assessment year 1966-1967, but that he filed no such appeal for the other assessment years and that he has not filed for the veterans' exemption since the 1966-1967 assessment years. The complaint alleges further that on April 7, 1970, plaintiff paid to the County Treasurer and Tax Collector

of Santa Cruz County the sum of $557.30 on account of the delinquent taxes for the years 1965-1966 through 1969-1970 inclusive, and that on September 23, 1970, the balance of said taxes in the sum of $1,215.16 together with penalties, redemption costs and interest in the sum of $311.56 was paid to said treasurer and tax collector. It is also alleged that each of these payments were paid under protest as provided in sections 5136-5143 of the Revenue and Taxation Code.[1] The complaint prays for a 60 percent reduction of the assessment for each of said tax years, for a return of $1,214.23 representing 60 percent of the total taxes in the sum of $1,517.44 paid under protest; for the refund of the sum of $311.56 collected in penalties, interest and redemption costs; for interest on said sum of $1,215.16, and for the restoration of plaintiff's tax exemption status as a veteran in the amount of $1,000 from March 1, 1965.

Defendant demurred generally and specially to the complaint, and moved to strike the complaint on the ground that it was sham, frivolous, wholly vexatious, and without merit. The trial court sustained the demurrer without leave to amend and granted the motion to strike. Predicated upon these rulings the complaint was ordered stricken and the action dismissed with prejudice. The basis for the order of dismissal, as recited therein, is that the portion of the complaint based on the 1965-1966 and the 1966-1967 assessments is barred by the statute of limitations and that, as to the remaining assessment years on which the complaint is based, plaintiff had failed to exhaust his administrative remedies.

Plaintiff concedes in his complaint that he did not pursue his administrative remedies to obtain a reduction of his assessment for the 1967-1968, 1968-1969, and 1969-1970 assessment years but contends that it was futile to do so in light of the manner in which the board of supervisors ruled upon his 1966-1967 assessment-year appeal. As to the 1965-1966 assessment year, he alleges that he failed to file an appeal because he was out of the state and not in a position to apply for a reduction of the assessment for that year.

■ The doctrine of exhaustion of administrative remedies requires a party to use all available agency administrative procedures before resorting to the courts for relief. (*Abelleira* v. *District Court of Appeal,* 17 Cal. 2d 280, 292-295 [109 P.2d 942, 132 A.L.R. 715]; *Bleeck* v. *State Board of Optometry,* 18 Cal.App.3d 415, 431 [95 Cal.Rptr. 860].) This doc-

[1]Unless otherwise indicated, all statutory references are to the Revenue and Taxation Code.

trine requires that a party must not only initially raise the issue in the administrative forum, but he must proceed through the entire proceeding to a final decision on the merits of the entire controversy. This requirement is jurisdictional. (*United States* v. *Superior Court,* 19 Cal.2d 189, 194 [120 P.2d 26]; *Woodard* v. *Broadway Fed. S. & L. Assn.,* 111 Cal. App.2d 218, 221 [244 P.2d 467]; *People* v. *Coit Ranch, Inc.,* 204 Cal. App.2d 52, 58 [21 Cal.Rptr. 875].)

■ We first observe that plaintiff's absence from the State of California during a portion of the 1965-1966 fiscal year does not excuse his failure to pursue his administrative remedies. As applied to this assessment year a taxpayer who sought a reduction in an assessment was required to file with the county board of supervisors, sitting as a board of equalization, a verified written application "showing the facts claimed to require the reduction." (§ 1607; see §§ 1603, 1604, 1605.) Such an application could be made by the taxpayer's agent (§ 1607), and said agent could attend the hearing on said application to answer all questions pertinent to the inquiry in the place and stead of the taxpayer (§ 1608). In the instant case plaintiff was not required to be present in the state in order to file his application seeking a reduction of the assessment for the year 1965-1966. Had he filed such an application he could have designated an agent to appear on his behalf. Accordingly, as to the 1965-1966 assessment year, plaintiff did not pursue his administrative remedies.

■ Plaintiff, relying upon *Van Gammeren* v. *City of Fresno,* 51 Cal. App.2d 235 [124 P.2d 621], contends that his failure to file an application to have his assessment reduced for the 1967-1968, 1968-1969, and 1969-1970 assessment years should be excused because the law does not require an individual to perform futile acts. *Van Gammeren,* reiterating the rule that the law does not require useless acts as prerequisites to seeking relief from the courts, held that the plaintiffs did not have to make an application for permits through an administrative agency where an ordinance prohibited the issuance of permits to the plaintiffs and it was apparent that such applications would have been useless acts. (At pp. 239-240.)

In plaintiff's situation there are no allegations in the complaint that plaintiff was foreclosed or prevented by defendant or its officers and employees from making or presenting an application for a reduction in the assessment for the subject assessment years, excepting the subjective conclusionary allegations that it was futile to do so because the board of supervisors had denied his application for a reduction of the assessment for the 1966-1967 assessment year. In sum, plaintiff has not alleged any

valid exception which would have excused his failure to exhaust the administrative remedies available to him for the years under discussion.

Adverting to the 1966-1967 assessment year, the complaint alleges that plaintiff properly pursued his administrative remedies but that he was denied a reduction of his assessment by the board of supervisors, sitting as a board of equalization, on July 23, 1966. Defendant urges that the statute of limitations forecloses plaintiff from further review of the action of the board of supervisors. Reliance is placed on Code of Civil Procedure section 343 which provides that "[A]n action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued." Defendant contends that the cause of action accrued on July 23, 1966, and that when the instant complaint was filed on October 6, 1970, the statute of limitations had run.

Plaintiff alleges in his complaint that on April 7, 1970, he made a partial payment on account of the taxes due for the assessment years 1965-1966, 1966-1967, 1967-1968, 1968-1969, 1969-1970, and that on September 23, 1970, he paid the balance of the taxes due for those years including accrued penalties and interest and that he thereby effected a redemption of his property. He also alleges that these payments were made under protest. Accordingly, he contends that his cause of action is based on his payment under protest and that it did not accrue until the taxes had been paid. Plaintiff's assertion is apparently based on section 5138, which, in pertinent part, provides that "[W]ithin six months after the payment, an action may be brought against a county or a city in the superior court to recover the taxes paid under protest."

We find plaintiff's contention to be meritorious since we construe the word "payment" in section 5138 to include a delinquent payment made under protest as well as a timely payment with protest. The only other applicable time application is that provided in the Revenue and Taxation Code which provides for redemption of property sold to the state for nonpayment of taxes within a five-year period. (§§ 3352, 3353, 3361, 3362, 3436, 3437, 3511, 3513, 4101, 4102, 4105, 4105.2 4112, 4216, 4217, 4218, 4219, 4220.) Under the provisions of section 4101, property sold to the state and property deeded to the state for delinquent taxes may be redeemed until the right of redemption is terminated. Accordingly, real property sold and deeded to the state for delinquent taxes may be redeemed by the former owner by the payment of all delinquencies and statutory penalties at any time prior to the disposition of the property by the state. (*Hohn* v. *Riverside County Flood Control etc. Dist.*, 228 Cal.App.2d 605, 613 [39 Cal.Rptr. 647].) Upon redemption the deed

becomes null and any interest acquired by virtue of the sale to the state ceases, the effect of said sale and deed to the state is thus terminated, and title is restored to the former owner or his successor in interest. (§ 4112; *Hohn* v. *Riverside County Flood Control etc. Dist., supra,* at pp. 613-614.)

■ In the instant case plaintiff alleged that he fully redeemed the subject property by the payment of the taxes for the year 1966-1967, and all delinquencies and statutory penalties, as of September 23, 1970. Section 5136 provides as follows: *"After taxes are payable,* any property owner may pay the taxes on his property under protest. A payment under protest is not a voluntary payment." (Italics added.) As provided above plaintiff was entitled to pay his taxes at any time prior to the termination of his right of redemption. Since his 1966-1967 taxes were paid on September 23, 1970, and the instant action was filed within six months from said date, plaintiff's cause of action based on the 1966-1967 fiscal year was not barred.[2] It is apparent from the allegations of the complaint that the taxes for the 1966-1967 fiscal year were not voluntarily paid since they were paid under protest. We observe, moreover, that taxes paid under protest after they have become delinquent and there has been a sale to the state are not deemed to constitute a voluntary payment. (See *Smith* v. *Farrelly,* 52 Cal. 77, 81.)[3]

■ Plaintiff also seeks to have it determined that he is entitled to be restored to his tax exemption as a veteran to the extent of $1,000 yearly from March 1, 1965. (§ 205; Cal. Const., art. XIII, § 1¼.) The pleadings disclose that he failed to claim the veterans' exemption for any year subsequent to the 1966-1967 assessment year. (See §§ 252 and 253.) No reason is alleged for the failure to do so. Section 260 provides: "If any person, claiming any exemption named in this article, fails to follow the required procedure, the exemption is waived by the person." In *Chesney* v. *Byram,* 15 Cal.2d 460 [101 P.2d 1106], the Supreme court reviewed a provision in Political Code section 3612 (since repealed) requiring veterans entitled to partial exemption from taxation to furnish information under oath on prescribed forms. The provision provided that

---

[2]We observe that the instant action was also filed within six months after the partial payment allegedly made on April 7, 1970.

[3]In 1972 the Legislature enacted section 5136.5 which provides that, notwithstanding the fact that all taxes on property have not been paid in full, the owner of such property may bring an action under section 5138 at any time within six months after the payment, under protest, of the first installment under an installment plan of redemption under certain specified requirements, including the requirement that the first installment payment be made within six months of the delinquency of the taxes being paid by installments. No provision was enacted with respect to situations where the redemption is by full payment of the delinquent tax and the statutory penalties.

failure to do so would be deemed a waiver of the constitutional exemption. The court found that this provision was a reasonable and valid regulation of the exercise of the constitutional right and not an invalid limitation on such right. The provisions of section 260 and the other applicable provisions (§ § 252 and 253) are similar in effect to those in former Political Code section 3612 in their requirements and do not result in an invalid limitation on the right to the veterans' exemption.

From the foregoing it is clear that plaintiff is not entitled to assert the veterans' exemption for the assessment years 1967-1968, 1968-1969 and 1969-1970 by reason of his failure to file a claim therefor. The complaint is silent as to whether such a claim was filed for the 1965-1966 assessment year, but it does contain allegations from which it can be inferred that a claim was filed for the 1966-1967 assessment years and that the claim was disallowed by the assessor. ■ The statutes are silent as to the remedy afforded when it is claimed that the assessor improperly or erroneously disallows the claim for the veterans' exemption. We apprehend, however, that an adequate remedy in the ordinary course of law is afforded by the Revenue and Taxation Code provisions providing for the payment of taxes under protest (§ 5136 et seq.) or the seeking of a refund from the board of supervisors (§ 5096 et seq.).[4] (See *City of Long Beach* v. *Bd. of Supervisors,* 50 Cal.2d 674, 680 [328 P.2d 964]; *Sherman* v. *Quinn,* 31 Cal.2d 661, 665 [192 P.2d 17].)

■ In the present case plaintiff is apparently seeking to recover that portion of his 1966-1967 taxes attributed to the denial by the assessor of plaintiff's claim of exemption by pursuit of the remedy by way of payment of the taxes under protest. Such a remedy is available where taxes are paid under protest on property which is entitled to an exemption. (See *City of Long Beach* v. *Bd. of Supervisors, supra,* 50 Cal.2d 674, 680; *Fellowship of Humanity* v. *Co. Alameda,* 153 Cal.App.2d 673, 699-700 [315 P.2d 394].) Accordingly, what we have heretofore said concerning the statute of limitations as it affects payment of taxes under protest is equally applicable to payment of taxes asserted to be subject to cancellation because of an exemption.

■ Defendant urges that relief should be refused to plaintiff even where the statutory time limitations have not run because a suit for refund

---

[4]Under this procedure a verified claim must be filed within three years after the making of the payment sought to be refunded (§ 5097), and if the claim is rejected action to recover taxes which the board of supervisors or the city council refuse to refund must be commenced within six months after such rejection (§§ 5103, 5104, 5105).

of taxes is governed by equitable principles. (See *Simms* v. *County of Los Angeles,* 35 Cal.2d 303, 316 [217 P.2d 936] [cert. den., 340 U.S. 891 (95 L.Ed. 646, 71 S.Ct. 207)]; *Goodwill Industries* v. *County of L.A.,* 117 Cal.App.2d 19, 27 [254 P.2d 877]; *Neet* v. *Holmes,* 25 Cal.2d 447, 460 [154 P.2d 854].) In *Neet* we find the following statement: "Courts of equity will refuse relief even where the statutory time of limitation has not run, if in addition to mere passive neglect there is a showing of facts amounting to acquiescence in the acts complained of, or other circumstances which, coupled with the delay, render the granting of relief inequitable." (25 Cal.2d at p. 460.)

In considering defendant's contention we first observe that although such relief may be denied upon the trial if the facts and circumstances so warrant, we do not perceive that such a determination can be made as a matter of law from the allegations of the instant complaint. There is no indication from these allegations that plaintiff acquiesced in the acts complained of; nor does granting of the relief result in inequity to defendant. Under the allegations of the complaint it appears that plaintiff pursued his administrative remedies for a reduction of his assessment for the 1966-1967 assessment year; that he paid the taxes for that year under protest; that he paid taxes under protest on property claimed to be subject to the veterans' exemption for the 1966-1967 assessment year; and that he filed a timely action following the payment of taxes under protest. In sum, as pleaded in the complaint, plaintiff's conduct as to the taxes paid under protest was in conformity with statutory law and was such as to negate the defense of laches.

With particular regard to redemption, it is the policy of this state to allow a delinquent owner of property every reasonable opportunity to redeem his property and to make his burdens as light as possible. (*Anglo Cal. Nat. Bank* v. *Leland,* 9 Cal.2d 347, 351-352 [70 P.2d 937]; *Lachmund* v. *Johnson,* 47 Cal.App.2d 377, 380 [117 P.2d 920].) We observe, moreover, that the maxim that he who seeks equity must do equity is satisfied in an action to recover taxes paid under protest by a property owner seeking to challenge the validity of a tax when the owner pays or offers to pay that portion of the tax to which the taxing authority is entitled in equity and good conscience. (*Simms* v. *County of Los Angeles, supra,* 35 Cal.2d 303, 316.) Here plaintiff alleges that he has paid the full amount of the taxes for the fiscal year 1966-1967, including penalties for delinquent payment.

Finally, we consider the propriety of the order granting the motion to strike the complaint. The record discloses that the motion was predi-

cated on the ground that the complaint is sham, frivolous, wholly vexatious and without merit. A careful review of plaintiff's complaint shows that, while the complaint is not perfectly drawn and reflects a lack of legal polish, it is not wholly inadequate. We do not find it to be violative in its entirety of established procedural requirements or otherwise violative of orderly judicial administration. (See *Neal* v. *Bank of America,* 93 Cal. App.2d 678, 682-683 [209 P.2d 825].)

In any event, it appears to us that since defendant's demurrer to the complaint was sustained without leave to amend, such an order, if proper, sufficed to serve as a predicate for the judgment of dismissal and an order striking the complaint was superfluous and mere surplusage. The issue remaining before us is whether the complaint states a cause of action as to the taxes paid under protest which we have concluded are not barred by the statute of limitations.

The complaint in an action to recover taxes paid under protest must allege sufficient specific facts to support a conclusion that assessments complained of were excessive or invalid. (*Guaranty L. Corp.* v. *Board of Supers.,* 22 Cal.App.2d 684, 686 [71 P.2d 931]; *Southern Pac. Land Co.* v. *San Diego Co.,* 183 Cal. 543, 545 [191 P. 931].) The allegations must be liberally construed with a view to substantial justice as required under a general demurrer by Code of Civil Procedure section 452. (*Southern Pac. Land Co.* v. *San Diego Co., supra.*)

As regards the 1966-1967 assessment, plaintiff alleges that defendant "fraudulently assessed the property of plaintiff on an unequal basis when compared with similar properties within the hamlet of Brookdale and more especially Brookdale Lodge . . . ." It is alleged that this assessment was intentionally made by the county assessor. It is further alleged that plaintiff was deprived of due process at the hearing by the board of supervisors, sitting as a board of equalization, in that his application was summarily denied and he was thereby foreclosed from producing evidence in support of his application. These allegations suffice to state a cause of action with respect to the propriety and validity of the assessment for the 1966-1967 fiscal year when considered together with the allegation of the board's refusal to reduce his assessment and his payment of the tax under protest. (See *Southern Pac. Land Co.* v. *San Diego Co., supra,* 183 Cal. 543, 545-548.)

As respects the claimed tax exemption, the complaint alleges no facts showing that plaintiff was denied the exemption for the 1965-1966 assessment year. With regard to the 1966-1967 assessment year, the complaint merely alleges that shortly after March 7, 1966, plaintiff was ad-

vised that he was no longer entitled to an exemption of $1,000 because of his financial interest in a Ford pickup truck. There are no allegations that the denial of the exemption was improper or without any basis. No cause of action, based on the portion of the taxes paid under protest because of the refusal to grant the veterans' exemption, has been stated.

In summary, we conclude that the complaint states a cause of action only with respect to the portion of the taxes paid under protest which are attributable to the 1966-1967 assessment year which it is alleged result from excessive assessment. This conclusion leaves the complaint with a statement of many matters not pertinent to this cause of action. Since a reversal is in order, the court will be obliged to proceed with the hearing on the special demurrer. Upon this hearing the court will have before it the consideration of the matters claimed to be vulnerable to a special demurrer as set out in defendant's special demurrer.

The order of dismissal is reversed with directions to the trial court to proceed to determine the grounds urged in defendant's special demurrer.

Sims, J., and Elkington, J., concurred.