[Civ. No. 52475. Second Dist., Div. Five. Jan. 23, 1979.]

LA COSTA BEACH HOMEOWNERS ASSOCIATION,
Plaintiff and Appellant, v.
PHYLLIS WAYNE et al., Defendants and Respondents.

LA COSTA BEACH HOMEOWNERS ASSOCIATION,
Plaintiff and Appellant, v.
SOUTH COAST REGIONAL COMMISSION et al.,
Defendants and Respondents;
PHYLLIS WAYNE, Real Party in Interest and Respondent.

**COUNSEL**

David B. Bloom, Hayes & Hume and Stephen S. Monroe for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, R. H. Connett, Assistant Attorney General, Edwin J. Dubiel and Douglas B. Noble, Deputy Attorneys General, and Robert H. Powsner for Defendants and Respondents and for Real Party in Interest and Respondent.

**OPINION**

**KAUS, P. J.**—These appeals, consolidated for hearing, are taken from the granting of general demurrers without leave to amend in two actions filed on the same day against the South Coast Regional

Commission (Regional Commission) and the California Coastal Zone Conservation Commission (State Commission). One of the actions, a request for declaratory relief (Super. Ct. L.A. Co., No. C-178901) also named Phyllis Wayne and the County of Los Angeles as defendants. The other action was a petition for a writ of mandamus (Super. Ct. L.A. Co., No. C-178919). The allegations by La Costa Beach Homeowners Association (the Association) in the two actions were, in substance, the same: that a coastal building permit issued to Ronald Katz by the Regional Commission was invalid and that then section 27403 (now § 30607) of the Public Resources Code was unconstitutional, both on its face and as applied in the instant case.

Since we conclude that the demurrers were properly granted because of La Costa Beach Homeowners Association's failure to exhaust administrative remedies, our statement of facts will emphasize the administrative activities which preceded the filing of the two actions.

### FACTS[1]

Ronald Katz, owner of a beachfront lot at 21554 Pacific Coast Highway in Malibu, sought a permit to build a two-story single family residence on the land from the Regional Commission. The staff of the Regional Commission recommended that the permit be granted on certain conditions, including that Katz dedicate a six-foot vertical accessway to the County of Los Angeles in order to provide public ingress to and egress from the beach.

At a public hearing held before the Regional Commission on May 3, 1976, Katz appeared through counsel to object to the vertical accessway condition to the permit. Other members of the public also appeared to voice the same point of view. Among those testifying was a Myra Brown, who stated that she was appearing on behalf of Rose Cavner, president of the La Costa Beach Homeowners Association.[2] Ms. Brown told the Regional Commission that the accessway was "unnecessary and indeed hazardous." The Regional Commission also received input in the form of letters from members of the public, neighboring landowners, and interested organizations. On June 7, 1976, the Regional Commission voted to grant the permit with the six-foot accessway condition included.

---

[1]Since this matter comes before us on an appeal from a demurrer sustained without leave to amend, we take the uncontradicted facts from exhibits attached to the pleadings and moving papers. (*Hills Transp. Co.* v. *Southwest Forest Ind., Inc.* (1968) 266 Cal.App.2d 702, 709-710 [72 Cal.Rptr. 441].)

[2]Katz' lot was located on a coastal strip known as La Costa Beach. As is obvious from its name, the association is made up of persons who own residences located on La Costa Beach.

Katz filed an appeal to the State Commission on June 21, 1976. The State Commission determined that the appeal raised a substantial issue (see Cal. Admin. Code, tit. 14, § 13122). Before a de novo public hearing could be held, however, Katz arranged to sell the subject property to Phyllis Wayne, who had no objection to the accessway condition.

On August 11, 1976, the State Commission convened for purposes of holding the de novo public hearing. Katz, through his counsel, requested that his appeal be withdrawn. Over the objection of several members of the public in attendance the Commission determined that it would no longer proceed on the matter. There was apparently no appearance by any representative of the Association, although a protest telegram from the Association to the State Commission was received on July 20, 1976.

On September 7, 1976, Katz transferred the permit that had been issued to him by the Regional Commission to Phyllis Wayne.

## DISCUSSION

■ The demurrers were granted on the ground, inter alia, that the Association had failed to exhaust available administrative remedies; exhaustion is, of course, a jurisdictional prerequisite to judicial review of the actions of an administrative agency. (*Metcalf* v. *County of Los Angeles* (1944) 24 Cal.2d 267, 269 [148 P.2d 645].) All parties agree that applicable administrative regulations provided for an appeal to the State Commission by "any person aggrieved by approval of a permit by a regional commission. . ." (Cal. Admin. Code, tit. 14, § 13111); the record is also clear that the Association never instituted such an appeal, nor was any final decision rendered by the State Commission since the only pending appeal—that of Katz—was withdrawn before the hearing.

The Association expends much energy in its brief attempting to prove that it was a party to the proceedings before the State Commission, apparently on the theory that if it was a party then it in fact exhausted available administrative remedies. Remarkably, the Association spent an equivalent amount of energy in the court below trying to prove that it was *not* a party and therefore was not required to exhaust. Any categorization possessing the flexibility which the Association has attributed to "party/ nonparty" status is, in our view, somewhat suspect as an analytical tool. The simple fact is that the matter was never carried through the full administrative process "to a final decision on the merits" as the law requires. (*McHugh* v. *County of Santa Cruz* (1973) 33 Cal.App.3d 533,

539 [109 Cal.Rptr. 149].) Whether the Association was a party to the administrative proceedings or not, unless some exception to the exhaustion requirement applied, the Association is properly out of court.

We have been unable to find any applicable exception which would excuse exhaustion in the present case. Unlike the respondents in *Environmental Law Fund, Inc.* v. *Town of Corte Madera* (1975) 49 Cal.App.3d 105, 113-114 [122 Cal.Rptr. 282], who were representatives of the public who had received no notice of the administrative proceedings, plaintiff/petitioner here is an association of private landowners, seeking to prevent a public accessway to a public beach, which apparently had notice of all administrative proceedings below. The public interest exception carved out by the *Corte Madera* court has no application here.

The Association also argues that the Legislature did not intend that exhausting of administrative remedies is required in coastal commission cases, as evidenced by Public Resources Code section 30801, which provides for judicial review of any final state or regional commission action at the request of any " 'aggrieved person.' " However, there is nothing in that section inconsistent with the requirement of full exhaustion of available remedies, including administrative appeal. Absent a clear expression of intent to the contrary, the appeal provisions contained in the Administrative Code must be considered fully applicable here.

Nor can it be said that administrative appeal would have been a futile remedy. The mere fact that the staff of the State Commission had recommended that the accessway condition to the permit be retained does not mean that the same result would necessarily follow a public hearing by the full commission. Without some showing that the State Commission mechanically follows the recommendations of its staff, we cannot find that an appeal would have been an "idle pursuit." (Cf., *Huntington Beach Police Officers' Assn.* v. *City of Huntington Beach* (1976) 58 Cal.App.3d 492, 498-499 [129 Cal.Rptr. 893].)

Finally, the Association contends that its attack on the facial constitutionality of Public Resources Code section 30607 (then § 27403) must survive since it is properly brought pursuant to an action for declaratory relief to which the exhaustion doctrine does not apply. (See *State of California* v. *Superior Court* (1974) 12 Cal.3d 237, 251 [115 Cal.Rptr. 497, 524 P.2d 1281].) While we agree with the general statement of law, we note that the trial court found that the action for declaratory relief was nothing more than a "disguised" attempt to attack the administrative

proceeding below. In any event, the issue has already been decided against the Association. (*CEEED* v. *California Coastal Zone Conservation Com.* (1974) 43 Cal.App.3d 306, 325-329 [118 Cal.Rptr. 318].)

The orders sustaining demurrers without leave to amend are affirmed.

Stephens, J., and Hastings, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 22, 1979.