[No. B186125. Second Dist., Div. Six. May 9, 2006.]

JOHN A. BENSON, Individually and as Trustee, etc., Plaintiff and Appellant, v.
CALIFORNIA COASTAL COMMISSION, Defendant and Respondent.

## COUNSEL

Pacific Legal Foundation, James S. Burling and J. David Breemer for Plaintiff and Appellant.

Bill Lockyer, Attorney General, Tom Greene, Chief Assistant Attorney General, J. Matthew Rodriguez, Assistant Attorney General, and Terry T. Fujimoto, Deputy Attorney General, for Defendant and Respondent.

## OPINION

**GILBERT, P. J.**—Predictions and suggestions from staff may be helpful or misleading to a party with a matter before the Coastal Commission. Therefore a party should take such advice with caution. Due process is rarely implicated when the prediction or suggestion is wrong.

A developer's application for a coastal development permit was approved by the local government. Opponents of the project appealed to the California Coastal Commission (Commission). Neither the developer nor project opponents appeared at a hearing at which the Commission determined the appeal raised substantial issues. The developer claims he was denied due process in that the written notice of the hearing was inadequate. The developer also claims that a report prepared by the Commission's staff and telephone conversations with staff led him to believe he need not appear.

■ We agree with the trial court that the developer was not denied due process. The written notice was adequate and the developer could not reasonably rely on staff recommendations and comments. We affirm.

### PROCEDURE

■ The California Coastal Act requires units of local government within the coastal zone to prepare a local coastal program (LCP). (Pub. Resources Code, § 30500.)[1] The LCP must be certified by the Commission. Once certified, the local government has the authority to ensure compliance with the LCP. (§ 30519.) The Commission retains appellate authority over developments approved by the local government. (§ 30603.) The only ground for appeal is

---

[1] All statutory references are to the Public Resources Code unless otherwise stated.

that the project does not conform to the LCP or the Coastal Act's public access policies. (§ 30603, subd. (b)(1).)

The permit applicant, any aggrieved person, or any two members of the Commission may appeal the action of the local government. The Commission must hear the appeal unless it determines there is no substantial issue relating to the grounds on which the appeal has been filed. (§ 30625, subd. (b)(2).) If the Commission finds the appeal presents a substantial issue, it reviews the permit application de novo; that is, it hears the permit application as if no local government unit was previously involved. (§ 30621; *Kaczorowski v. Mendocino County Bd. of Supervisors* (2001) 88 Cal.App.4th 564, 569 [106 Cal.Rptr.2d 14].)

## FACTS

John A. Benson owns the Baywood Inn, a small hotel and restaurant lying within the coastal zone of San Luis Obispo County (county). In August of 2001, Benson applied to the county to expand his hotel in two phases. The first phase would add eight rooms to the existing building and 10 rooms to an additional separate building. The second phase would consist of two small new buildings adding up to 22 hotel rooms.

The county's planning commission adopted a mitigated environmental impact declaration for the project, and approved the project unanimously. The county's board of supervisors unanimously rejected an appeal of the planning commission's approval.

On March 28, 2003, Concerned Citizens of Los Osos (Concerned Citizens) appealed to the Commission. The appeal alleged that the project is inconsistent with the LCP's visual, coastal watershed and public service capacity policies.

The Commission had 49 days, until May 16, 2003, to hold a hearing on the appeal. (§ 30621, subd. (a).) After that date, the Commission would lose jurisdiction. (§ 30625, subd. (a).) On April 2, 2003, the Commission sent Benson notice that an appeal had been filed and a copy of the appeal. The Commission also notified Benson that a hearing on the appeal was set for May 8, 2003. No further Commission hearings were scheduled until June of 2003.

On April 17, 2003, the Commission staff issued a report on the appeal. Under the heading "STAFF RECOMMENDATION," the report stated: "Staff recommends that the Commission open and continue the public hearing to determine whether a substantial issue exists with respect to the grounds on

which the appeal has been filed . . . ." The reasons given for the recommendation were the requirement for holding a hearing within 49 days, and that staff had not received the necessary materials from the local government until April 15, 2003. The report stated there was not adequate time to analyze the issues and prepare a report with recommendations. The report concluded that the appeal will be tentatively scheduled for a substantial issue hearing at the Commission's June 2003 meeting in Long Beach. Benson received a copy of the report.

Prior to the May 8, 2003, hearing Benson had two telephone conversations with Commission staff. Benson claims that during these conversations staff told him no substantive action would be taken at the hearing, and he was assured it would not be necessary for him to attend. The Commission claims the staff informed Benson during telephone conversations only that it would "recommend" the matter be opened and continued, and that it would "probably" not be necessary for him to attend.

On the morning of May 8, 2003, the Court of Appeal filed *Encinitas Country Day School, Inc. v. California Coastal Com.* (2003) 108 Cal.App.4th 575, 578 [133 Cal.Rptr.2d 551]. There the court held that the Commission lost jurisdiction when it opened an appeal within 49 days and continued the matter beyond 49 days to determine whether a substantial issue exists. The court concluded that, at a minimum, the Commission must determine whether a substantial issue exists within the 49-day jurisdictional period. (*Ibid.*)

Prompted by *Encinitas*, the staff changed its recommendation from "open and continue" to a finding that the appeal raises substantial issues. The staff supported its recommendation with findings that the appeal raises substantial issues relating to wastewater treatment, public access and protection of water quality.

When the appeal was heard on May 8, 2003, no one appeared either in support of or in opposition to the appeal. The Commission found the appeal raised substantial issues and continued the matter for a de novo hearing.

At the de novo hearing at which Benson was present, the Commission approved the first phase of the project. The Commission withheld approval of the second phase, however, until the development could be connected to the planned community sewer system and until it could be determined there is adequate capacity to handle the additional wastewater produced by the second phase.

Benson filed a petition for writ of administrative mandate challenging the Commission's substantial issue determination and its findings at the de novo

hearing. Benson included a complaint for violation of his civil rights and inverse condemnation. Among other matters, Benson alleged he received inadequate notice of the May 8, 2003, hearing, thus denying him due process.

The trial court denied Benson's petition for writ of administrative mandate. The court found that Benson received notice of the May 8, 2003, hearing. Although the staff report recommended that the appeal be opened and continued, it was simply a recommendation. Any commissioner or member of the public could have convinced the Commission not to follow the staff recommendation and to find the appeal raised a substantial issue. Benson could not reasonably rely on statements of the Commission's staff. Both parties acted in good faith. The court also found that substantial evidence supports each of the conditions the Commission placed on the project.

## DISCUSSION

Benson contends he was denied due process when the Commission failed to give him sufficient notice of the May 8, 2003, hearing.

Benson argues the written notice informing him that the appeal was on the Commission's agenda was inadequate. The notice provided that the appeal was on the Commission's agenda for its Monterey meeting at the Monterey Conference Center on Thursday, May 8, 2003, at 9:00 a.m. The agenda stated: "Appeal No. A-3-03-40 (Benson, San Luis Obispo Co.) Appeal by Concerned Citizens of Los Osos from decision of County of San Luis Obispo granting permit with conditions to Alex Benson for 3,837 sq. ft. 8-room addition to existing Baywood Inn hotel, 7,345 sq. ft. new 10-room motel building (Baywood Village Inn), and new Baywood Lodge in two buildings (3,472 sq. ft. with 6 guest rooms and 7,940 sq. ft. with 16 guest rooms), at 1370 2nd Street (Baywood Area), Los Osos, San Luis Obispo County. (JB-SC)"

Benson argues the notice is inadequate because it did not apprise him of the issues to be considered at the hearing. Benson claims without that information he would not have had an adequate opportunity to respond at the hearing. But on April 2, 2003, the Commission sent Benson a copy of the Concerned Citizens' appeal. The appeal stated the issues on which it was based. Moreover, there was no need for the notice to specify what issues would be considered at the hearing. Benson had participated in the proceedings at the county level. He was well aware of what issues were in contention. Actual notice satisfies due process. (*In re Pence* (7th Cir. 1990) 905 F.2d 1107, 1109.)

The cases on which Benson relies do not pertain here. This is not a case where an administrative agency based its decision on issues raised for the

first time at the hearing. (See *Ortiz v. Eichler* (D.C.Del. 1985) 616 F.Supp. 1046, 1063.) Nor is it a case where the agency informed the applicant that the matter would be decided as a question of law, and then denied the application based on her failure to prove facts. (See *Estate of Robertson v. Cass County* (N.D. 1992) 492 N.W.2d 599, 602.) Here the Commission's written notice satisfied due process.

Benson argues the staff report recommending that the appeal be opened and continued must be considered in determining whether he had constitutionally adequate notice. But the report made it clear that the staff was simply making a recommendation. Benson knew or should have known that the recommendation was not binding on the Commission.

Benson points out that the staff recommendation to open and continue was based on the staff's lack of time in which to review materials it received from the county. He apparently believes that this allowed him to rely on the staff recommendation. It may be true that as a practical matter the staff's inability to fully prepare may have made it less likely the Commission would proceed with the substantial issue determination. But nothing guaranteed the Commission would not proceed. (See *La Costa Beach Homeowners Assn. v. Wayne* (1979) 89 Cal.App.3d 327, 331 [152 Cal.Rptr. 355] ["The mere fact that the staff of the State Commission had recommended that the accessway condition to the permit be retained does not mean that the same result would necessarily follow a public hearing by the full commission."].) As the trial court pointed out, any one commissioner could have convinced the Commission to proceed.

Benson claims that title 14 of the California Code of Regulations, section 13057, subdivision (a), requires a staff report containing a summary of issues to be decided. Further, Benson claims that section 13059 of the Regulations requires that the report be distributed within a reasonable time to assure adequate notification prior to the hearing. But those sections apply only to original permit applications (see Cal. Code Regs., tit. 14, § 13057, subd. (a)) and de novo hearings held after the Commission determines that the appeal raises a substantial issue (see Cal. Code Regs., tit. 14, § 13115, subd. (b)). Nothing in the Regulations requires a written staff report for a substantial issue determination. (See Cal. Code Regs., tit. 14, § 13110 et seq.) The Regulations only require that the executive director make a recommendation to the Commission whether the appeal raises a significant question. (Cal. Code Regs., tit. 14, § 13115, subd. (a).) No particular formality is required for the recommendation.

Benson also points to the telephone calls he received from Commission staff. Benson claims it is undisputed that the staff made the calls. But there is a difference between what the staff says it told Benson during those calls, and what Benson says he heard. According to Benson's verified petition for writ of mandate, Commission staff assured him he need not attend. According to the Commission's answer, its staff told Benson that it would "probably" not be necessary for him to attend.

Benson did not request an evidentiary hearing to determine more precisely what the staff said during the conversations. Nor does the trial court's ruling make such a determination. The court no doubt considered the discrepancy unimportant in light of its determination that Benson cannot reasonably rely on statements of the staff.

Of course, reasonable reliance is ordinarily associated with estoppel. (See, e.g., *Hermosa Beach Stop Oil Coalition v. City of Hermosa Beach* (2001) 86 Cal.App.4th 534, 551–552 [103 Cal.Rptr.2d 447].) Benson insists he is not claiming estoppel; he is only claiming denial of due process. But whether Benson characterizes his claim as estoppel or denial of due process, a showing of reasonable reliance is necessary. Benson's claim that staff comments were instrumental in denying him due process only makes sense if his reliance was reasonable and made a difference.

■ The Legislature has reposed in the Commission, not its staff, the power to decide whether a substantial issue exists to support an appeal. (§ 30625, subd. (b).) In deciding such matters, the Commission is required to hold a public hearing. (§ 30621, subd. (a).) The legislative policy is clear. The public interest in coastal resources is too great to be decided by the comments of staff uttered in private conversations with a party to the appeal.

■ Everyone is presumed to know the law. (*Arthur Andersen v. Superior Court* (1998) 67 Cal.App.4th 1481, 1506 [79 Cal.Rptr.2d 879].) Indeed, Benson does not claim he was unaware that the Commission, not its staff, had the power to decide what action to take at the hearing. Under the circumstances, he could not reasonably rely on staff comments predicting what action the Commission would take.

Moreover, Benson cannot show prejudice on the assumption that had he appeared at the May 8 hearing he would have been able to convince the Commission that the appeal raised no substantial issue. He was, however, present at the de novo hearing on December 10 where he had the opportunity to challenge the appeal. In the appeal before us, Benson does not challenge the conditions imposed on his project. His theory on appeal should not result in automatic approval of both stages of the project in which the Commission found there may not be adequate capacity for wastewater discharge.

Benson argues that the written notice of hearing, the staff report and the telephone conversations must be viewed as a whole. But whether viewed as a whole or separately, Benson was not denied due process.

■ Benson's reliance on section 30335.1 is misplaced. That section provides: "The commission shall provide for appropriate employees on the staff of the commission to assist applicants and other interested parties in connection with matters which are before the commission for action. The assistance rendered by those employees shall be limited to matters of procedure and shall not extend to advice on substantive issues arising out of the provisions of this division, such as advice on the manner in which a proposed development might be made consistent with the policies specified in Chapter 3 (commencing with Section 30200)." But nothing in section 30335.1 binds the Commission to the advice given by the staff.

The judgment is affirmed. Costs on appeal are awarded to respondent.

Yegan, J., and Coffee, J., concurred.

A petition for a rehearing was denied June 6, 2006, and the opinion was modified to read as printed above.