Filed 9/6/13  Truong v. Nguyen CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| HOA PHU TRUONG, | |
| Plaintiff and Appellant, | G047039 (Consol. with G047151) |
| v. | (Super. Ct. No. 30-2011-00492672) |
| MARK NGUYEN, | O P I N I O N |
| Defendant and Respondent. | |

Consolidated appeals from two orders of the Superior Court of Orange County, William M. Monroe, Judge.  Appeals from both orders dismissed.  Two motions for sanctions on appeal by Defendant and Respondent.  One motion denied, one motion granted.

Truong and Associates and Hoa Phu Truong for Plaintiff and Appellant.

Rutan & Tucker and Peter J. Howell for Defendant and Respondent.

\*          \*          \*

## I.  INTRODUCTION

The plaintiff's attorney in a now dismissed breach of contract action, Hoa Phu Truong, challenges two orders he pay sanctions to the defendant, pursuant to section 128.7 of the Code of Civil Procedure.[1]  We have consolidated the appeals from each of the two orders and now dismiss them.  Truong filed his first appeal from an appealable order, but filed it too late.  He filed his second appeal timely, but it was from a nonappealable order.

There are also two motions for sanctions on appeal based on filing two frivolous appeals.  The first motion attacks the appeal from the initial section 128.7 order granting joint sanctions against Truong *and* his client Phuong Ton Nu in the amount of $22,292.04.  We deny this motion.  As we explain in the companion appeal (G046839), the record in this case raises too many unanswered questions as to precisely what happened to the $70,000 entrusted by Nu to defendant Nguyen to assume the case was totally meritless to begin with, or – more apropos to the motions before us – that Truong's appeal from the determination his client's complaint lacked evidentiary support is sanctionable under the standards set out in *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650-651.

The second motion attacks the appeal from an order assessing sanctions of some $3,660 against Truong alone for having brought a motion for reconsideration.  This appeal was truly a loser from the beginning.  It is from the sanctions attendant to the denial of a reconsideration motion which itself was not valid in the first place since it was untimely.  And, in any event, the appeal is taken from a clearly nonappealable order.  Even under the liberal *Flaherty* standard, no reasonable attorney would have brought the *second* appeal.

---

[1]  All statutory references in this opinion are to the Code of Civil Procedure.

II. FACTS

Sometime in June 2011, Phuong Ton Nu retained attorney Truong to bring a breach of contract action against dentist Mark Nguyen, the gravamen of which was that she had given Nguyen $70,000 to invest in real estate, and Nguyen just took the money and never got back to her. As support for her claim, she showed Truong a receipt signed by Nguyen saying, "I received the $70,000 in full from Phong Ton Nu to give to Chan Vinh Khanh." As further support, she gave Truong a letter from a previous attorney that recited what he thought the facts of the case were: In 2008, Nu wanted to be a partner in a real estate syndicate (Decima Realty) being put together by Nguyen with the purpose of buying "real estate *in Southern California* for various purposes," with a full $70,000 buy-in price. (The italics are added – the reason will become apparent in the next paragraph.) But, said the letter, after taking Nu's money, the syndicate just refused to acknowledge Nu's interest. Truong filed a complaint on Nu's behalf in July 2011.

Nu's deposition was taken November 4, 2011. We set out a more detailed summary of what happened in that deposition in the companion appeal. A précis for purposes of this case is that Nu was shown a letter she had written to Khanh that indicated the $70,000 had *already* been used to purchase a condo *in Vietnam*. Moreover, Nu became – to be charitable – quite flustered when confronted with the actual text of the letter. Nu suddenly asserted the $70,000 in the letter was a different $70,000 than the $70,000 she was suing on.

Nguyen's counsel clearly thought Nu's case had collapsed, and called Truong three days later, leaving a message asking Truong how he intended to proceed in the wake of the deposition. Three days passed; the message was never returned. So, on November 10, Nguyen's counsel sent Truong a letter elaborating his take on the deposition. Counsel's letter recited that even before the July 2011 filing, Truong had been informed of the "true nature" of the Nu-to-Nguyen-to-Khanh exchange, i.e., Nu was repaying Khanh for the purchase of the Vietnamese condo. Hence Nguyen's counsel's

letter, in light of the deposition, asked that the complaint be dismissed, and added the threat of a malicious prosecution action in the wake of the inevitable resolution of the case.

Over a month passed. Then, on December 22, 2011, Nguyen's counsel sent a copy of a proposed motion for sanctions under section 128.7 to Truong, telling Truong it would be filed if the action were not dismissed within 21 days. More than 21 days passed and the motion was filed January 18, 2012, setting a hearing date of February 16, 2011.

Truong filed his opposition to the motion two days before the hearing, including Nu's declaration in opposition, asserting she had entrusted $70,000 to Nguyen for the purchase of a condo in Vietnam, which she never received. But then, the next day – the day before the hearing – Nu filed a dismissal of the case (albeit a dismissal without prejudice). Truong sent Nguyen's counsel a fax announcing the dismissal, saying he assumed Nguyen would now dismiss the motion for sanctions in light of the dismissal.

Which, of course Nguyen didn't. Not at this late date. The actual hearing on the motion was postponed to March 27, basically to give Nguyen's counsel the opportunity to file a sufficiently detailed declaration supporting his attorney fee request. And on March 27 (a Tuesday), the trial court assessed sanctions against both Nu and Truong in the amount of $22,292.04, as memorialized in a minute order of that date. A formal notice of ruling was sent to Truong the next day on March 28, 2012.

Sixteen days later, on Friday, April 13, 2012, Truong filed a motion for reconsideration. Essentially, the motion sought reconsideration of the order assessing sanctions against Truong himself, but did not seek reconsideration of the order as it affected his client.

There were no new facts bearing on the $70,000, but there was this revelation: Sometime before the initial February 16 hearing date, "Plaintiff's counsel

4

advised his client, Ms. Phuong Ton Nu, to dismiss the action but Plaintiff refused to do so." Truong was only able to convince his client to pull her case by February 15. The hearing on the motion for reconsideration took place on May 31, 2012, and the motion was denied both (1) because it was not timely and (2) because all the facts in the motion for reconsideration were known to Truong prior to February 16.

Nguyen also had, two days before the May 31 hearing (justifiably confident about its probable outcome) filed a second motion for sanctions under section 128.7 on the theory the reconsideration motion was itself frivolous, for the reasons which the trial court found persuasive (untimeliness and lack of new facts). This sanction motion was heard June 26, 2012, and resulted in a new sanction order of $3,660 against Truong based on the absence of new or different facts.

On June 6, in the interim between the denial of the reconsideration motion and the hearing on the second sanction request, Truong filed a notice of appeal, purporting to take the appeal from "[a]n order or judgment under Code of Civil Procedure section 904.1 (a)(3)-(13)," but not otherwise specifying what he was appealing from.[2] Another notice of appeal was filed on July 6, again from an "order or judgment under Code of Civil Procedure section 904.1 (a)(3)-(13)" without further elaboration. We consolidated the two appeals.[3]

## III. APPEALABILITY

### A. *The First Appeal, G047039*

The March 27, 2012 minute order directing sanctions of $22,292.04 is appealable, all else being equal. (See § 904.1, subd. (a)(12) [appeals may be taken from orders "directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000)"].) But all else is not equal. Just

---

[2]    We take judicial notice of this court's civil case information statement which does make it clear the June 6 notice of appeal was from the March 27, 2012 order granting sanctions pursuant to section 128.7.

[3]    Hence the two docket numbers, G047039 and G047151 in the caption of this opinion.

5

because an order is appealable doesn't mean a notice of appeal from it is necessarily *timely*. Here, the June 6, 2012 notice of appeal was filed more than 60 days after the order challenged, namely the minute order dated March 27, 2012. (See Cal. Rules of Court, rule 8.104(a)(1)(A) [litigant has 60 days after service of notice of entry of judgment to file notice of appeal].)

The 60-day deadline would be no problem for Truong *if* he had filed a "valid" motion for reconsideration. Rule 8.108(e) of the California Rules of Court gives litigants an extra 30 days to file their notice of appeal if they serve and file a "valid" motion to reconsider under section 1008. Thus the question of whether the June 6, 2012 notice of appeal was timely turns on the question of whether the April 16, 2012 motion to reconsider was valid. (See *Branner v. Regents of University of California* (2009) 175 Cal.App.4th 1043 1049-1050 ["Because Branner failed to file and serve a valid motion to reconsider, rule 8.108(e) did not extend his time to appeal."].)

We must conclude the motion to reconsider was not valid. The rule is that the validity of a motion for relief meriting extra time to file a notice of appeal under rule 8.108 of the California Rules of Court (such as a motion for new trial or reconsideration) is tested by compliance with all *procedural* requirements of the relief in question. (See *Branner*, *supra*, 175 Cal.App.4th at p. 1047.) Among those procedural requirements is timeliness. (See Advisory Com. com., 23 pt. 2 West's Ann.Codes, Rules (2009 supp.) foll. rule 8.108, p. 84.)

Section 1008 gives an aggrieved litigant "10 days after service upon the party of written notice of entry of the order." Case law has established that a notice of ruling under section 1019.5 starts the time running for a motion for reconsideration. (See *Advanced Building Maintenance v. State Comp. Ins. Fund* (1996) 49 Cal.App.4th 1388, 1392 ["We assume that the trial court adopted appellant's arguments enunciated in its opposition to the motion for reconsideration which stated that the motion was untimely because the amended notice of ruling on demurrer and motion to strike was served on

6

October 12, 1994. Hence, the motion for reconsideration should have been filed by October 22, 1994, '10 days after service of written notice of entry of the order.' Therefore, the trial court's denial of the motion for reconsideration was correct."].)

Indeed, the whole purpose of section 1019.5 is to "start the time running" on a party's ability to "seek reconsideration." (Rylaarsdam, et al., Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2012) ¶ 9:320.1, p. 9(I)–122.) And in fact, Truong's own civil case information statement filed in this court acknowledges that March 28, 2012, the date of the notice of ruling, was the date of the notice of entry of judgment under rule 8.104.

Moreover, as the *Advanced Building Maintenance* opinion indicates, the 10 days under section 1008 do not come with an extra five days for service by mail. But even if they did, Truong was still a day late since his motion for reconsideration was filed 16 days after the service of the notice of ruling, with the 15th day falling on a Thursday.

So we have no choice but to dismiss the appeal from the March 27, 2012 order.

*B. The Second Appeal, G047151*

The second notice of appeal was filed on July 6, 2012, easily within 60 days of the second sanction order made on June 26, 2012. But the order of June 26, 2012 is simply *not appealable*. Under the main statute governing what is appealable, section 904.1, sanction orders of less than $5,000 are specifically not appealable unless the aggrieved party has filed an extraordinary writ challenging the sanction, which Truong hasn't. (The statute provides in subdivision (b): "Sanction orders or judgments of five thousand dollars ($5,000) or less against a party or an attorney for a party may be reviewed on an appeal by that party after entry of final judgment in the main action, or, at the discretion of the court of appeal, may be reviewed upon petition for an extraordinary writ."].)

7

Truong presents two arguments against dismissal given the nonappealability of the June 26 order, but those arguments are so disjointed as to defy paraphrase. We will merely note that Truong *seems* to be saying that filing the reconsideration motion was an exercise of the constitutional right to petition government under the anti-SLAPP statute (§ 425.16), thus – for reasons never quite explained – his reconsideration motion was immune from any sanction under any other statute. If *that* is what he is saying (and the anti-SLAPP statute makes up a considerable portion of his briefing on the merits as well), he is not persuasive because a motion for sanctions under section 128.7 and a motion to dismiss for filing a SLAPP suit under section 425.16 are two different things, and here Nguyen never filed a motion to dismiss Nu's complaint under section 425.16.[4]

So we must dismiss the second appeal, from the June 26, 2012 order, as well.

## C. *The Motions for Appellate Sanctions*

### 1. *First Appeal (G047039)*

As we point out in the companion appeal, motions for appellate sanctions are addressed to the discretion of the *appellate* court (*Winick Corp. v. County Sanitation Dist. No. 2* (1986) 185 Cal.App.3d 1170, 1181-1182) in light of standards laid down in *In*

---

[4] At oral argument, Truong's attorney fleshed out his other argument enough for us to begin to understand it. The argument seems to be this: Nguyen's first motion for sanctions was served on Truong only in his capacity as attorney for Nu, not in some personal capacity, so he never really got proper notice of the motion, hence the first sanction motion violated due process, and the first sanction order was void. If that is Truong's argument, it fails to at least two reasons: First, there is no dispute Truong got *actual notice* of the motion. Nguyen's first motion for sanctions plainly asked for sanctions "against Plaintiff and Truong" and it was sent to Truong's office. (See *Benson v. California Coastal Com'n* (2006) 139 Cal.App.4th 348, 353 ["Benson had participated in the proceedings at the county level. He was well aware of what issues were in contention. Actual notice satisfies due process."]; *In re Phillip F.* (2000) 78 Cal.App.4th 250, 259 [actual notice of continued hearing date satisfied due process].) And second, the text of section 128.7 is clear that both clients and attorneys are subject to sanctions under it, and there is no provision in the statute for *separate* notice to the attorney in some additional capacity other than normal notice to the attorney *and* the client. In fact, the text of section 128.7 (focusing on the *attorney's* duties before he or she signs a pleading, see section 128.7, subdivision (a)) shows it is the *attorney*, not the client, who is the default target of a section 128.7 motion. Thus, as between attorney and client, it the attorney, who both (a) actually receives the motion in the mail based on (b) a pleading he or she signed, who has the most notice of the consequences of the motion.

8

*re Marriage of Flaherty*, *supra*, 31 Cal.3d at pages 650-651, and those standards are weighted against appellate sanctions. (See *id.* at p. 651.)

We reject the sanction request as to the first appeal for the same reason we do in the companion appeal. Most fundamentally, a number of items of evidence appear to contradict the tidy narrative that Nu sued Nguyen for $70,000 that she had earlier used to buy an interest in a condo in Vietnam. Nu *did* give $70,000 to Nguyen in two separate transfers of $45,000 and $25,000, that money *did* find its way to *Nguyen's* Decima Realty*,* Nu never did receive title to the Vietnamese condo, and if the $70,000 was intended for use in *Nguyen's* apparently ill-fated purchase of California real property, then why didn't Nu get at least *some* of it back even if the venture lost money? We further note that if the nature of the Nu-to-Nguyen transaction was a *loan*, Nguyen would certainly owe her money, plus interest. And if the transaction was an investment in a profit making venture, it is counterintuitive that Decima Realty would manage to lose *all* of it. So we are simply not confident the appeal was frivolous.

2. *Second Appeal (G047151)*

Truong's appeal from the denial of his reconsideration motion presents a different matter. This one *was* truly dead on arrival. The motion was (as explained above) filed too late and so not "valid." We see nothing in it to indicate Truong had come into possession of any new facts, and the revelation he had tried to dissuade his client to dismiss the case but she stubbornly refused does that change that. But even if it did, the order was under the requisite $5,000 to make the threshold level of appealability.

The question is – what should the sanction be? The second appeal is so easily disposed of that we cannot say it has caused this court much in the way of time and expense; the determination of the untimeliness of the April 16 filing date of the reconsideration motion was necessary to decide the first appeal, and Nguyen himself did not raise the untimeliness of the reconsideration motion as a reason to dismiss the *first* appeal. We raised the issue ourselves by way of a request for supplemental briefing, so

9

as to afford both sides an opportunity to present their views on the topic before oral argument; Nguyen's subsequent supplemental brief confirmed what we already supposed.

Accordingly, we impose only token monetary sanctions against attorney Truong in the amount of $ 100, payable to this court within 90 days of the finality of this decision.

## IV.  DISPOSITION

The appeals in both G047039 and G047151 are dismissed.  The motions to impose sanctions on appeal in regard to G047039 is denied.  The motion to impose sanctions on appeal in regard to G047151 is granted; sanctions of $100 are to be paid by Truong to this court within 90 days of the finality of this decision.  Respondent Nguyen shall recover his costs on appeal.


BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


THOMPSON, J.

10